IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ELMER JEROME HOLMES, JR.,

    Petitioner,

v.                                                       Civil Action No. 3:09cv165

PATRICIA STANSBERRY,

    Respondent.

## MEMORANDUM OPINION

Petitioner, Elmer Jerome Holmes, a federal prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that the Bureau of Prisons ("BOP") has failed to run his most recently imposed sentence concurrently with a previously imposed term of imprisonment for a violation of supervised release. Respondent has moved to dismiss on the ground that the BOP has properly executed Petitioner's sentences. The matter is ripe for disposition.

### I. PROCEDURAL AND FACTUAL BACKGROUND

#### A. Imposition Of Sentences

On January 17, 2006, the United States District Court for the Eastern District of North Carolina (hereinafter "the Sentencing Court") sentenced Petitioner to a 24-month term of imprisonment for violating the conditions of his supervised release ("the Supervised Release Violation Sentence").

On May 18, 2006, the Sentencing Court sentenced Petitioner to a 76-month term of imprisonment for possession with intent to distribute more than 500 grams of cocaine ("the Drug

Sentence"). On March 4, 2008, the Sentencing Court reduced Petitioner's drug sentence to a 60-month term that was to run concurrently with the Supervised Release Violation Sentence.

### B. The BOP's Execution Of Petitioner's Sentences

The BOP commenced Petitioner's Drug Sentence on May 18, 2006, the date it was imposed. Pursuant to 18 U.S.C. § 3584(c), the BOP aggregated Petitioner's two sentences in order to simplify computation and to establish a single release date.[1] In this case, the aggregate term of imprisonment is 5 years, 4 months, and 1 day. (Respt.'s Mot. To Dismiss Ex. 1, Attach. B 3.) This aggregate term is equal to the term of the drug sentence plus the portion of the Supervised Release Violation Sentence Petitioner had served prior to the commencement of the Drug Sentence.

The BOP awarded Petitioner 98 days of prior custody against his aggregate sentence for the period October 11, 2005, through January 16, 2006. During this period, Petitioner was in federal custody, but no federal sentence had been imposed.

Petitioner is scheduled to be released from his aggregate sentence on June 15, 2010.

## II. ANALYSIS

### A. Petitioner's First Claim For Habeas Relief

Petitioner first contends that his 60-month term of imprisonment for his Drug Sentence should commence as of October 11, 2005 (the date Petitioner was presumably arrested), rather

---

[1] "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

than May 18, 2006, the date the Drug Sentence was imposed.[2] The law, however, does not support Petitioner's position.

The pertinent statute provides: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Petitioner fails to explain why his Drug Sentence should commence prior to May 18, 2006, the date it was originally imposed and he was presumably remanded to the custody of the United States Marshal for transportation to the BOP. *See United States v. Labeille-Soto*, 163 F.3d 93, 98-99 (2d Cir. 1998) (holding that a federal sentence cannot commence before it is imposed). The fact that the Sentencing Court ran the Drug Sentence concurrently with the previously imposed Supervised Release Violation sentence, "does not mean that the two sentences 'hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (alteration in original) (*quoting United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)). Thus, "when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served." *United States v. McLean*, No. 88-5506, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (*citing Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983); *Flores*, 616 F.2d at 841; 18 U.S.C. § 3568)). Petitioner fails to demonstrate that the BOP improperly calculated the commencement date for his Drug Sentence.

---

[2] Under Petitioner's theory, if his Drug Sentence commenced as of October 11, 2005, it then would "consume" his Supervised Release Violation Sentence. (§ 2241 Pet. 3.)

3

### B. Petitioner's Second Claim For Habeas Relief

Next, Petitioner contends that the BOP failed to award him "pre-sentence custody credit against his federal sentence for all of his pre-sentence incarceration" as required by 18 U.S.C. § 3585(b). (§ 2241 Pet. 3.) That statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The record reflects that Petitioner received credit against his aggregate sentence for all time spent in custody prior to the imposition of the Supervised Release Violation Sentence on January 17, 2006. Petitioner fails to explain why he should be entitled to any additional sentence credit. Thus, Petitioner fails to demonstrate that the BOP has violated 18 U.S.C. § 3585(b) in calculating his sentence. Petitioner's claims will be DISMISSED.

### III. CONCLUSION

The motion to dismiss (Docket No. 4) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

An appropriate Order shall issue.

```
                    /s/
James R. Spencer
Chief United States District Judge
```

Date: 1-14-10
Richmond Virginia

4